LUIS GARRATÓN ROMAGUERA ET AL., Petitioners and Appellants, v. JUAN T. PEÑAGARÍCANO, ADMINISTRATOR, ETC., Respondent and Appellee.

No. 79.     Decided May 1, 1963.

*Víctor Gutiérrez Franqui, Federico Ramírez Ros,* and *Carlos G. Látimer* for appellants. *Víctor M. Marchand, Nieves Agostini de Torres, Miguel Franquis Ventura,* and *José Iglesias la Cruz* for appellee. *A. Castro Fernández* and *F. Castro Amy* for the tenant.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Appellants, owners of a three-story building located at 352 Fortaleza Street of this Capital, had leased on October 1, 1942 three business premises on the main floor of the building with an area of 2,208.86 square feet to Angélica Haddock, Manuel Pumares and Winthrop Chemical Co., for monthly rentals of $70, $80 and $37. The rentals for the latter two premises were subsequently readjusted increasing them to $96 and $46.25, respectively. The total rental received was therefore $215.25. Improvements and repair works were subsequently made and a certain additional space of 1,399.30 square feet was included, so that the area leased on the main floor was 3,608.16 square feet.

In October 1955 Telecentro Eléctrico, Inc., occupied the entire main floor upon payment of a monthly rental of $500 for a period of 16 months, namely, until January 1957. On the following August the lessee corporation complained before the Economic Stabilization Office that appellants were charging an overprice. After the proper investigation was conducted and an administrative hearing held with the appearance of the interested parties, on July 31, 1958 the Administrator sent a notice "on the rent which we propose to fix," stating that pursuant to § 6 of the Reasonable Rents Act, 17 L.P.R.A. § 186, it proposed to fix a maximum rental of $363.30 a month, *prospectively*. The rental includes water service, to be paid by the landlord. Premises of 3,608.16 square feet, based on "the fact that the present rental is higher than that for similar premises on October 1, 1942. The improvements have been taken into account." The interested parties having failed to make any objection, an order was issued on November 12, 1958 fixing the maximum rental at the said $363.30.

An administrative hearing was held on January 26, 1959 in connection with the overcharge, and on April 20 a demand for reimbursement was issued for the sum of $136.70 a

month, collected in excess during 16 months, or a total of $2,187.20. Reconsideration of this administrative action having been sought, the Administrator confirmed the same by new demand made on February 17, 1960, further providing that the landlord could deduct from the reimbursement any sum owed by the tenant, which was at the time $2,906.40, covering eight monthly payments. Resort was had to the Superior Court, San Juan Part, which in a brief judgment dismissed the petition for review. We agreed to review this judgment and issued a writ of certiorari.

■ Paragraph 8 of § 6 of the Reasonable Rents Act, 17 L.P.R.A. § 186, provides:

"In cases where the Administrator adjusts the rent which was being paid prior to the date of the taking effect of this Act or issues a final order on any rent, fixing in lieu thereof the reasonable rent as herein determined, the tenant shall be required to pay only the basic rent or the reasonable rent fixed for the purpose, but he shall not be entitled to any reimbursement or claim for the payment made in excess of the reasonable rent prior to the date on which the latter may be fixed, except in those cases where by express provision of this Act the rent automatically adjusts to the amount prevailing on October 1, 1942, and except in such cases where the Administrator issues a temporary order increasing or fixing the maximum rent until the case is finally decided; Provided, That the rent so increased or fixed shall be subject to reimbursement to the tenant as to the amount in excess of the maximum rent that may be fixed by the final order."

A mere reading of this statutory provision shows that whenever the Administrator fixes a reasonable rent lower than that which the tenant has been paying, the latter is not entitled to reimbursement of the amount overpaid unless (a) the rent has been adjusted, according to the express statutory provision, to the amount prevailing on October 1, 1942, namely, the basic rent; and (b) the Administrator has issued a temporary order increasing or fixing the maximum rent until the case is finally decided. However, such

temporary rent shall be subject to reimbursement to the tenant as to such amount in excess of the rent as may be fixed by the final order. *Peñagaricano* v. *Superior Ct.; Nadal, Int.*, 81 P.R.R. 849, 854 (1960).

In the present case the Administrator did not issue any temporary order and, hence, the demand for reimbursement may be justified only if it is established that it accrues from an automatic adjustment of the basic rent.[1] The difficulty with this position lies in the fact that the alleged prevailing basic rent on October 1, 1942 refers to premises fundamentally distinct from the premises object of the allegation of overcharge. Two controlling circumstances in this connection are the considerable increase in the occupied area—from 2,208.86 to 3,608.16 square feet—and the substantial investment in improvements and repairs made by the lessors. That is why *Peñagaricano* v. *Superior Ct.; Nadal, Int., supra,* is clearly distinguishable, since that case involved exactly the same dwelling premises which were leased prior to the freezing date of the rents. Furthermore, an examination of the record of the administrative agency reveals that in fixing the rent of $363.30 the rent paid for the part of the premises which was leased in October 1942 was not taken as starting point, and that the case was considered at all times as one in which the Administrator's intervention was derived from his power to fix a reasonable rent. Thus, the examiner's report of March 21, 1958 omits any reference to the basic rent and recommends a rent on the basis of 10 cents per square foot of area, which multiplied by 3,608.16 square feet, gives a result of $360.82, which amount added to an estimate of $2.50 as average expense of water consumption, results in the rent of $363.30 which

---

[1] For a review of the legislation on the Administrator's power to fix lease rental as of the enactment of the Reasonable Rents Act, see *Mejías* v. *Superior Ct.; Nadal et al., Ints.*, 82 P.R.R. 546 (1961). *Cf. Mejías, Adm'r* v. *Superior Court,* 82 P.R.R. 708 (1961).

was finally determined. In this report there is another significant detail which deserves mention. It is the explanation to the effect that "although the rent fluctuation . . . shows .08107 as the highest value per square foot, the highest comparable value of 10 cents per square foot is recommended for the improvements made and shown in the comparison." We need not elaborate further in order to hold that the instant case does not involve any of the two situations which recognize to the tenant the right to claim reimbursement after the Administrator has fixed a reasonable rent.

The judgment rendered by the Superior Court, San Juan Part, on February 2, 1961, will be reversed and another rendered instead setting aside the order of reimbursement issued on February 17, 1960 by the Economic Stabilization Administrator in case VPC-2248.